UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PINNACLE POLYMERS LLC
*Plaintiff*

v.

GRACIOUS LIVING CORPORATION A/K/A GRACIOUS LIVING INDUSTRIES, INC.
*Defendant*

: 16-cv-542 (PSD)

**DEFENDANT GRACIOUS LIVING CORPORATION A/K/A GRACIOUS LIVING INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES WITH COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

Defendant Gracious Living Corporation A/K/A Gracious Living Industries, Inc. ("Gracious Living" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff Pinnacle Polymers LLC's Complaint as follows:

1. Denied. To the extent a response is required Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and therefore denies same.
2. Denied. To the extent a response is required Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 and therefore denies same.
3. Admitted.
4. Admitted.

5. Denied. The averments of paragraph 5 state a conclusion of law to which no response is required. To the extent a response is required, Gracious Living denies same.

6. Admitted in part; denied in part. Admitted that a document is attached as Exhibit A. The document speaks for itself; Defendant refers the Court to the referenced document for the complete contents thereof, and denies any characterizations of the document that are inconsistent with its contents.

**JURISDICTION AND VENUE**

7. Denied. The averments of paragraph 7 state a conclusion of law to which no response is required. To the extent a response is required, Gracious Living denies same.

8. Denied. The averments of paragraph 8 state a conclusion of law to which no response is required. To the extent a response is required, Gracious Living denies same.

9. Denied. The averments of paragraph 9 state a conclusion of law to which no response is required. To the extent a response is required, Gracious Living denies same.

**FACTS**

10. Admitted.

11. Admitted in part; denied in part. Admitted that a document is attached as Exhibit A. The document speaks for itself; Defendant refers the Court to the referenced document for the complete contents thereof, and denies any characterizations of the document that are inconsistent with its contents.

12. Admitted in part; denied in part. Admitted that Exhibit A includes a paragraph 2. The document speaks for itself; Defendant refers the Court to the referenced document for the complete contents thereof, and denies any characterizations of the document that are inconsistent with its contents.

13. Denied; this averment lacks clarity as to the definition of "spot sales," what they included, where and when they occurred; Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 and therefore denies same.

14. Admitted in part; denied in part. Admitted that a document is attached as Exhibit B. Defendant refers the Court to the referenced document for the complete contents thereof, and denies any characterizations of the document that are inconsistent with its contents.

15. Admitted.

16. Denied. Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 and therefore denies same.

17. Denied. Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 and therefore denies same.

18. Denied. Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 and therefore denies same.

19. Denied. Gracious Living is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 and therefore denies same.

20. Admitted that Pinnacle has contacted Gracious Living regarding these tax payments; denied that this request is "[p]ursuant to the parties' Contracts and Agreements." The document speaks for itself; Defendant refers the Court to the referenced document for the complete contents thereof, and denies any characterizations of the document that are inconsistent with its contents.

21. Denied.

**COUNT 1: BREACH OF CONTRACT**

22. Gracious Living hereby incorporates his responses to Paragraphs 1 through 21 as though fully set forth herein at length.

23. Denied. The document speaks for itself; Defendant refers the Court to the referenced document for the complete contents thereof, and denies any characterizations of the document that are inconsistent with its contents.

24. Denied.

25. Denied.

**COUNT 2: UNJUST ENRICHMENT**

26. Gracious Living hereby incorporates its responses to Paragraphs 1 through 25 as though fully set forth herein at length.

27. Denied.

28. Denied.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29 and therefore denies same.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**WHEREFORE,** Gracious Living respectfully requests judgment in its favor and against Pinnacle Polymers LLC together with an award of attorneys' fees and costs and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pinnacle Polymers' Complaint fails to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pinnacle Polymers is barred from relief sought in the Complaint based on the grounds it has breached the implied covenants of good faith and fair dealing.

### THIRD AFFIRMATIVE DEFENSE

Pinnacle Polymer is barred from the relief requested based on the fact that it breached its contract with the defendant by failing to accurately and timely assess the tax according to its own admissions.

### FOURTH AFFIRMATIVE DEFENSE

Pinnacle Polymer is barred from the relief requested under the doctrines of estoppel, unclean hands, waiver, and laches.

### FIFTH AFFIRMATIVE DEFENSE

Pinnacle Polymers claims may be barred or limited based on the applicable statute of limitations. Exhibit B to Plaintiff's Complaint limits the statute of limitations for "any action for breach of this agreement … to within 3 months after the cause of action has occurred."

### SIXTH AFFIRMATIVE DEFENSE

If Pinnacle Polymers suffered injuries and/or damages as described in the Complaint, then the same were caused or contributed to by conditions or persons over whom Gracious Living had no control and for which it was not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

The conduct of persons and/or entities other than Gracious Living constitutes an intervening, superseding cause obviating any liability on the part of Gracious Living, the existence of any such liability being expressly and specifically denied.

**EIGHTH AFFIRMATIVE DEFENSE**

Pinnacle Polymers' claims are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

**NINTH AFFIRMATIVE DEFENSE**

Pinnacle Polymers failed to mitigate its alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

Pinnacle Polymers' tort claim is barred by the gist of the action doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

Pinnacle Polymers is not entitled to attorneys' fees.

**TWELVTH AFFIRMATIVE DEFENSE**

Pinnacle Polymers is not entitled to recover punitive damages from Gracious Living, as Gracious Livings did not commit any outrageous conduct and Pinnacle Polymers does not allege any outrageous conduct allegedly committed by Gracious Living.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Pinnacle Polymers is not entitled to equitable relief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to rely on other affirmative defenses which may become available or apparent during discovery and hereby reserves the right to amend this answer to assert such defenses.

**COUNTERCLAIM FOR BREACH OF CONTRACT**

Defendant asserts the following counterclaim for breach of contract against Plaintiff Pinnacle Polymers:

1. This Counterclaim arises from the same transactions and occurrences at issue in Pinnacle Polymers' Complaint.

2. Diversity of citizenship exists, as Pinnacle Polymers and the Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

3. Defendant and Plaintiff entered into a sales agreement whereby Plaintiff was obligated to promptly and accurately collect and record sales tax on sales of goods from Plaintiff to Defendant.

4. Pursuant to the sales agreement, Plaintiff was obligated to accurately collect and pay the sales tax on Defendants' behalf contemporaneously with the sales made.

5. Pursuant to the sales agreement, Plaintiff was obligated to accurately invoice Defendant at the time of sale, including accurately invoice the amount of sales tax owed.

6. The timely and accurate invoicing of sales tax is necessary in Canada as each business entity must file an accurate Goods and Services and Harmonized Sales Tax Return ("GST/HST") on a monthly basis in order to receive appropriate Input Tax Credits for which it may be eligible. Input Tax Credits are available on a dollar for dollar basis for sales tax paid on

goods used in commercial activity. Therefore, as Plaintiff well knew, timely and accurate invoicing was critical to the Defendant's receipt of its allowed Input Tax Credits.

7. Plaintiff was statutorily and contractually obligated to accurately assess, pay and report the taxes to the Canadian Revenue Agency and to its customers.

8. Plaintiff breached its contractual obligation to act in good faith and with due care in its assessment of the tax owed causing Defendant to potentially be unable to receive the Input Tax Credits that would have been due if Plaintiff had invoiced the taxes correctly and contemporaneously with the sales at issue.

WHEREFORE, Defendant respectfully request relief as follows:

    a. Any monetary damages incurred as a result of Plaintiff's breach of contract up to and including the loss of Input Tax Credits that would have otherwise been available;

    b. An award of costs and attorneys' fees incurred in this action; and

    c. Such other relief as the Court might find just and proper.

GRIESING LAW, LLC

By: **/s/ Ellen Brotman**
Ellen Brotman, Esquire
PA Identification No. 71775
1717 Arch Street
Suite 3630
Philadelphia, PA 19103
215-618-3720
215-814-9049 [fax]
ebrotman@griesinglaw.com

Dated: May 2, 2016

**CERTIFICATE OF SERVICE**

I, Ellen Brotman, hereby certify that on this 2th day of May, 2016, I caused a true and correct copy of the foregoing Defendant Gracious Living's Answer and Affirmative Defenses with Counterclaim to be served via this Court's Electronic Filing System (ECF) upon the following:

Lance Rogers, Esq.
Joe Heffern, Esq.
Rogers & Castor
26 East Athens Ave.
Ardmore, PA 19003
Counsel for Plaintiff

**/s/ Ellen Brotman**
Ellen Brotman, Esquire

Dated: May 2, 2016